**E-Filed 5/29/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BIGFIX ASIA PTE LTD,

    Plaintiff,

v.

BIGFIX, INC., BIGFIX HOLDINGS PTE LTD, and GEORGE BILLMAN,

    Defendants.

Case Number C 08-4023 JF (HRL)

**ORDER[1] DEFERRING RULING ON MOTION TO DISMISS**

RE: Docket No. 14.

## BACKGROUND

The instant action arises from a business venture between BigFix, Inc. ("Defendant"), a California-based provider of security software, and BigFix Asia PTE, LTD ("Plaintiff"), a Singapore corporation created to expand the market for BigFix software in Asia. In 2004, the parties signed an agreement ("Agreement") authorizing Plaintiff to distribute BigFix software products in Asia. Under the Agreement, Plaintiff agreed to pay Defendant a percentage of its

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-4023 JF (HRL)
ORDER DEFERRING RULING ON MOTION TO DISMISS
(JFLC3)

1  sales revenue and to comply with certain other conditions.  In 2007, Defendant terminated the
2  Agreement on the ground that Plaintiff had failed to make the required payments.

3        On May 30, 2008, Plaintiff filed an action in the Santa Clara Superior Court, alleging that
4  Defendant had violated the California Franchise Investment Law ("CFIL") and committed
5  breach of contract, breach of the implied covenant of good faith and fair dealing, promissory
6  fraud, negligent misrepresentation, and intentional interference with contractual relations.
7  Defendant demurred to the complaint and moved for an order requiring Plaintiff to post an
8  undertaking in the amount of $500,000.  California Code of Civil Procedure § 1030 authorizes
9  such a bond to secure the defendant's potentially recoverable costs and fees where the plaintiff
10 has no domestic assets and it is "reasonably possible" that the defendant will prevail.  On
11 August 20, 2008, the Superior Court granted Defendant's motion for an undertaking in part,
12 ordering Plaintiff to post a bond in the reduced amount of $200,000.

13       Claiming that it lacked the financial means to post the security required by the state court,
14 Plaintiff filed the instant diversity action on August 22, 2008 and voluntarily dismissed its
15 Superior Court action on September 19, 2008.  In its federal action, Plaintiff continues to allege
16 a CFIL violation, breach of contract, promissory fraud, and interference with contractual
17 relations.  On October 21, 2008, Defendant moved to dismiss Plaintiff's CFIL claim pursuant to
18 Federal Rule of Civil Procedure 12(b)(6) and for an undertaking in the amount of $700,000
19 pursuant to Cal. Code Civ. Proc. § 1030.  The matter was heard on January 23, 2009.  By order
20 dated February 2, 2009, the Court granted Defendants' motions and required the posting of a
21 bond in the amount of $200,000.

22       Defendant did not request the imposition of a deadline for posting the bond, and the
23 Court did not impose one.  Defendant now moves to dismiss the instant action on the ground
24 that the bond still has not been posted, despite the passage of over four months.  Plaintiff
25 submits that it is attempting to raise the funds required to post the bond.  Plaintiff argues that
26 granting Defendant's motion would be tantamount to "depriving plaintiff of its right to a legal
27 remedy," and that Defendant has failed to identify any prejudice beyond the fact that the instant
28 action represents a "business distraction" and should be closed.  For the following reasons, the

1  Court will defer ruling on Defendant's motion for sixty days, at which time the action
2  automatically will be dismissed without prejudice if the bond has not been posted.

### DISCUSSION

Pursuant to § 1030 of the California Code of Civil Procedure, any security ordered by the court must be posted within thirty days of such order.  With this requirement, the California legislature implicitly has recognized the importance to defendants of reaching closure in cases where a foreign plaintiff is unable to post a bond sufficient to secure defense costs.  In addition, while this Court is not required to apply the thirty-day limit contained in § 1030, federal courts typically follow state-law rules regulating the imposition of security bonds absent compelling reasons to the contrary.  *See Simulnet East Assocs. v. Ramada Hotel Operating Col.*, 37 F.3d 573, 574 (9th Cir. 1994).

Plaintiff makes a relatively weak evidentiary showing as to the likelihood that it will succeed in raising funds to post the required bond,[2] and both Defendant and the Court have legitimate interests in seeing this case closed if no bond ultimately is to be posted.  At the same time, it is indisputable that Defendant will suffer little prejudice if Plaintiff is given a reasonable amount of additional time to attempt to post the bond.  Accordingly, the Court will defer ruling on Defendant's motion to dismiss for sixty days.  If the Court does not receive notice of posting of the bond by 5:00 PM on July 24, 2009, the Court will dismiss the action without prejudice.

**IT IS SO ORDERED.**

DATED: 5/29/09

JEREMY FOGEL
United States District Judge

---

[2] Plaintiff also has offered to assign receivables to Defendant in the amount of $200,000.  The assignment of Plaintiff's receivables, which may well prove to be uncollectible, clearly fails to satisfy the bond requirement.

1  This Order has been served electronically upon the following persons:

2  Adaline J. Hilgard ahilgard@reedsmith.com, cshanahan@reedsmith.com

3  Ardell Johnson arjoh@pacbell.net

4  Scott D. Baker sbaker@reedsmith.com, nctuttle@reedsmith.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 08-4023 JF (HRL)
ORDER DEFERRING RULING ON MOTION TO DISMISS
(JFLC3)